DONNELLY v. WILLIAM R. JOHNSTON MANFG. CO.

1. APPEAL AND ERROR—QUESTIONS NOT RAISED IN TRIAL COURT NOT DISCUSSED.
     Questions not urged in the trial court and raised for the first time in the Supreme Court will not be discussed.

2. SAME—OPENING DOOR—EVIDENCE—ADMISSIBILITY.
     Where defendant opened the door by offering testimony as to the meaning of a contract, and similar testimony by plaintiffs was received without objection, it may not now urge that such testimony was inadmissible, and that the trial judge ought not to have permitted the jury to consider it.

3. SAME—TRIAL—PROOF — APPELLANT MAY NOT COMPLAIN THAT REQUESTED CHARGE WAS WITHOUT PROOF.

Defendant may not complain that there was no proof to sustain a charge given to the jury at its own request.

4. TRIAL—VERDICT—EVIDENCE—COMPROMISE VERDICT.

Where plaintiffs' claim, with interest added, less defendant's set-off, is, approximately, the verdict, which was supported by evidence, it cannot be said that it is a compromise verdict.

Error to Ottawa; Cross (Orien S.), J. Submitted April 10, 1924. (Docket No. 38.) Decided June 2, 1924. Rehearing denied July 24, 1924.

Assumpsit by Bernard P. Donnelly and John A. Kelley, copartners as the Donnelly-Kelley Glass Company, against William R. Johnston Manufacturing Company for the purchase price of certain glass. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Hugh E. Lillie* (*Walter H. Eckert,* of counsel), for appellant.

*Robinson & Parsons,* for appellees.

CLARK, C. J. This case has been tried three times. About January 5, 1920, plaintiffs accepted defendant's order to make, according to specifications, and to furnish a large number of beveled, oval, plate glasses, for automobile top windows. In view of a failing demand, the parties met on May 12, 1920, and canceled the order except as to about 6,500 glasses, which plaintiffs then had manufactured and for shipment. Defendant agreed to and did accept 2,000 during that month of May and agreed to take the remainder, about 4,500, "as needed." The agreement was evidenced, in part at least, by a letter then written by defendant to plaintiffs. Defendant took none of

such remainder from plaintiffs.    On February 10, 1921, having cancellations from its customers, it wrote to plaintiffs that "we in turn must likewise insist on all our material suppliers cancelling any and all unfilled balances."    Plaintiffs declined the request, and on February 15, 1921, defendant advised plaintiffs that "we have no orders on hand with your company at the present time."    Plaintiffs billed defendant for the glasses in dispute on March 2, 1921.    Defendant returned the statement on March 10, 1921, saying "we have nothing on order with you."    Defendant owed plaintiffs for glass not covered by the order, and claimed that plaintiffs were indebted to it for defective glass returned on prior orders.    Suit was commenced May 23, 1922.

Plaintiffs claimed for the ovals $3,002.34, and for the other glass $182, total $3,184.34.    Defendant pleaded set-off for glass returned, $780.44.    The ovals were made up specially for defendant.    The record indicates that as to form and design they are obsolete, not salable, and therefore practically worthless, and that they have remained in plaintiffs' warehouse, subject to defendant's order.    No error is assigned upon the following from the charge:

"You are further instructed that where goods are made up specially by one firm for another under a contract, and the buyer refuses to accept the goods, and the seller cannot resell the goods for a reasonable price, he can notify the buyer that he is holding the goods subject to the buyer's order, and can then sue and recover from the buyer the full contract price."

Appellant states that the action is *ex contractu* rather than *ex delicto,* and says:

"The question of amounts was not before the jury as there was no dispute as to them whatsoever, the only controversy being whether or not the defendant was liable at all under the provisions of the letter contract of May 12, 1920."

Plaintiffs had verdict and judgment for $2,600. Defendant brings error.

We do not discuss questions not urged in the trial court and raised first in this court. Defendant insists that plaintiffs cannot recover for the reason that there is no evidence that defendant needed the glass at any time since making the agreement of May 12, 1920. We do not pass upon the meaning of the term "as needed," used in the letter of May 12th. On behalf of defendant, there was testimony tending to make the term of little or no binding effect upon it. Plaintiffs countered with testimony that defendant agreed to take the glasses in question "within the next three to six months," or in "approximately six months," and that that was the agreed meaning of the term "as needed." Under all the evidence, the trial judge left it to the jury to find what in fact the contract between the parties was. Defendant having opened the door to the testimony adduced by plaintiffs, and it having been received without objection, it may not now be urged that such testimony was inadmissible, and that the trial judge ought not to have permitted the jury to consider it.

It is urged that there was no proof of the number of ovals for which recovery is sought. Defendant requested the judge to charge that the number was 4,549. He did it. Defendant may not complain of that.

It is said that the evidence shows clearly that the verdict is the result of compromise by the jurors. The jury was instructed that plaintiffs were entitled to lawful interest on its claim. Plaintiffs' claim, with interest added, less defendant's set-off, is, approximately, the verdict. The verdict has sufficient evidential support.

From a consideration of all assignments, it does not appear affirmatively that there has been a miscarriage of justice. 3 Comp. Laws 1915, § 13763.

Rather the record indicates that defendant has sought wrongfully to shift its loss to plaintiffs. We think the verdict is just.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.